Reedy et vir *v.* Pittsburgh, Appellant.

Argued October 3, 1949. Before MAXEY, C. J., DREW, LINN, PATTERSON, STEARNE and JONES, JJ.

*James G. Legnard*, Assistant City Solicitor, with him *Anne X. Alpern*, City Solicitor, for appellant.

*Robert L. Prior*, with him *Edward C. Boyle, James F. Smith, McGrath, McGrath & McGrath* and *L. Pat McGrath*, for appellees.

OPINION BY MR. JUSTICE LINN, November 14, 1949:

The defendant, City of Pittsburgh, appeals from judgments on verdicts for husband and wife in their suit for damages for injury sustained by the wife in falling on an icy sidewalk. The city's principal contention is that the court erred in refusing its motions for judgments n. o. v.

While walking on the sidewalk in front of premises 1811 Rhine Street, about nine o'clock on the evening of November 16, 1940, during a "light" snow the wife plaintiff slipped * on ice concealed by the falling snow

---

* "Q. Will you tell the Court and jury just what happened at the time of the accident? A. Well, when I came to 1811 Rhine Street my both feet went out from under me and I fell down hard in a sitting position, and I fell back and struck the back of my head. Q. Did you get up right away or not? A. No, I sat there about five minutes. I couldn't get up. Q. As you were sitting there, did you notice the sidewalk? A. While I was sitting there I rubbed my hand in the snow, up towards the house, and I seen a ridge of ice there, and I wondered what caused that ridge of ice, and I seen an open spout in the front of the house, and the spout was filled with ice, hanging full of ice there, and the spout was about 4 or 5 inches up from the pavement. Q. 4 or 5 inches what? A. Up from the pavement. Q. Out from the pavement? A. Up from the pavement. Q. As you were sitting there, could you see any ice before you run your hand

and sustained injury. The ice was caused by the freezing of water allowed to flow over the cement surface of the sidewalk from a down-spout intended to carry off the water collected from the roof of the house. There was evidence to support a finding that for the four years preceding the accident, this surface water froze during freezing weather and constituted a nuisance menacing the safety of pedestrians. Such a history would support a finding of constructive if not actual notice to the city. While the primary obligation is on the property owner the city has a secondary obligation: *Beebe et al. v. Phila.*, 312 Pa. 214, 216, 167 A. 570 (1933). It therefore became the duty of the city to cause the nuisance to be abated or, failing that, to respond in damages for neglect to see that the sidewalk was reasonably safe for the purpose for which it was intended. Defendant's motions for judgments n. o. v. were properly refused.

The city contends that as the evidence does not show how long the ice had been on the sidewalk immediately prior to plaintiff's fall, she has not sustained the burden of proof of notice to the city. But, having offered ample evidence to support the finding of a nuisance of long standing and negligence in not causing it to be abated, it was not necessary to show how long the particular bit of ice had remained on the sidewalk before it threw the plaintiff; it was sufficient to show the conditions, and the city's knowledge of them, which in freezing weather, would make the condition of the sidewalk dangerous to a pedestrian lawfully using it; the evidence was sufficient to go to the jury on that point. Nuisance and negligence may be and frequently are closely related, the former pre-supposing the latter

---

in the snow? A. Yes. When I fell my coat rubbed the snow away and I seen the ice; that is when I rubbed my hand up towards the house and I seen the ridge of ice there. . . . Q. Now, how wide was it? A. I would say it was about a foot and a half wide. Q. And how long was it? A. It ran from the house out to the street, about 6 feet."

when the omission to remove the nuisance after notice constitutes negligence. The general subject is considered in *Ward v. Pittsburgh et al.*, 353 Pa. 156, 44 A. 2d 533 (1945); *Zieg et vir v. Pittsburgh*, 348 Pa. 155, 34 A. 2d 511 (1943); *Fritzky et al. v. Pittsburgh*, 340 Pa. 217, 16 A. 2d 442 (1940); *Whitton v. H. A. Gable Co.*, 331 Pa. 429, 431, 200 A. 644 (1938); *Gross v. Pittsburgh*, 243 Pa. 525, 90 A. 365 (1914); *Green v. Hollidaysburg*, 236 Pa. 430, 84 A. 785 (1912); *Holbert v. Philadelphia*, 221 Pa. 266, 70 A. 746 (1908); *Brown v. White*, 202 Pa. 297, 51 A. 962 (1902); *North Manheim Township v. Arnold*, 119 Pa. 380, 389, 13 A. 444 (1888); *Diehl v. Fidelity-Philadelphia Trust Co. et al.*, 159 Pa. Superior Ct. 513, 49 A. 2d 190 (1946); *Neistadt v. Philadelphia et al.*, 138 Pa. Superior Ct. 200, 10 A. 2d 77 (1939). Of particular interest are: *Beane v. City of St. Joseph et al.*, 215 Mo. App. 554, 559, 256 S. W. 1093 (1923); *Feinblum et ux. v. City of New York et al.*, 252 App. Div. 330, 331, 299 N. Y. S. 320 (1937).

Judgments affirmed.