453 A.2d 598

**Charlotte G. MORGAN and Griffith Morgan, Appellants,**

v.

**John L. SBARBARO, Jr. M.D.**

Superior Court of Pennsylvania.

Argued Nov. 6, 1981.

Filed Nov. 12, 1982.

Reargument Denied Jan. 11, 1983.

Ronald E. Metter, Philadelphia, for appellants.

Kenneth F. DeMarco, Philadelphia, for appellee.

Before CAVANAUGH, BROSKY and MONTGOMERY, JJ.

CAVANAUGH, Judge:

Mrs. Charlotte G. Morgan has been afflicted with rheumatoid arthritis since 1952. Since then she has undergone operations for a left knee arthroplasty in 1963, a right knee synovectomy in 1966, a left knee fusion in 1968 and a total right hip replacement in 1970, all before the incident out of which this medical malpractice action came about.

Sometime in 1973 her left hip also became very painful. Her internist referred her to a Dr. Gartland who felt and recommended that before the left hip surgery her right knee should be strengthened. However, Dr. Gartland did not perform knee surgery and her internist referred her to Dr. John L. Sbarbaro.

Dr. Sbarbaro performed a right knee arthoplasty, an operation which involves placing metal wedges in the knee bones, on May 21, 1973. An infection developed in the wound. Mrs. Morgan was discharged to home care from the hospital on June 13, 1973, but when the infection got worse she was readmitted on July 3, 1973. Eventually, Dr. Sbarbaro informed Mrs. Morgan that the right knee needed fusion. The fusion was performed on July 24, 1973.

Mrs. Morgan and her husband commenced this medical malpractice action by Writ of Summons on August 1, 1975, more than two years after the fusion was performed.

At pre-trial conference the sole issue asserted by Mrs. Morgan was lack of informed consent based on the sole allegation that Dr. Sbarbaro had failed to warn her that a post-operative infection might result from the arthoplasty procedure and that such infection might require a right knee fusion.

The court below, Bullock, J., granted Dr. Sbarbaro's motion for summary judgment holding that the two year statute of limitations on personal injury actions, 12 P.S. § 34, had run, reasoning pursuant to our decision in *Anthony v. Kopper's Co., Inc.,* 284 Pa.Super. 81, 425 A.2d 428 (1980)[1] that when the fusion was performed on July 24, 1973, Mrs. Morgan had all the necessary information to herald a possible tort, viz: (1) knowledge of the injury; (2) knowledge of the operative cause of the injury; and (3) knowledge of the causative relationship between the injury and the operative conduct.

In this appeal, Mrs. Morgan contends that because she remained under Dr. Sbarbaro's care until early 1974, having had the fusion pins removed at his office in September, 1973 and thereafter by telephone concerning draining from one of the pin canals, the statute of limitations should be tolled until she went to another physician in 1974. She asks that we adopt the doctrine of "continuing care" from other jurisdictions as a ground for tolling the statute of limitations in medical malpractice cases urging that the statute should not begin to run until such time as the physician patient relationship ends and the parties are "on a more equal footing."

The plea that we adopt the continuing care doctrine and apply it to the facts of this case is the only ground asserted on appeal for avoidance of the statute of limitations defense. Any other argument is therefore abandoned and since we find the continuing care doctrine was not asserted and argued in the court below we find that it has been waived and the entry of summary judgment must therefore be affirmed.

After appellee filed her motion for summary judgment appellant responded and thereafter submitted a "Memorandum of Law Contra Motion for Summary Judgment." No mention is made therein concerning adoption of the continu-

1. Our Supreme Court has reversed our decision in *Anthony v. Kopper's, Inc.,* 496 Pa. 119, 436 A.2d 181 (1981) on other grounds. *See also O'Brien v. Eli Lilly & Co.,* 668 F.2d 704 (3rd Cir.1981).

ing care doctrine and the argument is couched in terms of the discovery rule. Nor is it asserted that the theory was advanced at that time. Judge Bullock in his opinion deals with the argument as made. Appellant, anticipating that there is a problem with waiver, states that her reply to new matter and the answer to defendant's motion for summary judgment both raised the issue of the applicability of the continuing and exclusive care theory. We have examined these documents and find them wholly insufficient to avoid waiver. The pleadings simply state that appellant remained under the care of appellee until a period of time less than two years prior to the institution of suit. Certainly it is not the duty of the court to search out the pleadings in order to extract and formulate the assertion of an admittedly novel theory of law in our jurisdiction in the face of brief and argument which totally fail to bring the theory to the court's attention.

█ The doctrine of waiver has become firmly entrenched in Pennsylvania law and it is clear that on appeal a new and different theory of relief may not be successfully advanced for the first time. The language of Justice Roberts in *Kimmel v. Somerset County Commissioners,* 460 Pa. 381, 384, 333 A.2d 777, 779 (1975) is applicable:

> Appellants are requesting this Court to review the decree on entirely different theories than they presented to the trial court. We will not do so. It is a fundamental principle of appellate review that we will not reverse a judgment or decree on a theory that was not presented to the trial court. See *Altman v. Ryan,* 435 Pa. 401, 406–07, 257 A.2d 583, 585 (1969); *Abrams Will,* 419 Pa. 92, 98, 213 A.2d 638, 641 (1965); *Fisher v. Brick,* 358 Pa. 260, 264, 56 A.2d 213, 215 (1948); *Mayer v. Chelten Avenue Building Corp.,* 321 Pa. 193, 195, 183 A. 773 (1936). Since appellants have abandoned on appeal the theories that were presented to the trial court, they have failed to advance any reason requiring reversal of the decree.

*See also, In re S.C.,* 280 Pa.Super. 539, 545, 421 A.2d 853, 856 (1980); *Commonwealth v. After Six, Inc.,* 489 Pa. 69, 413

A.2d 1017 (1980); *Miller & Son Paving, Inc. v. Wrightstown Township,* 45 Pa.Commw. 34, 405 A.2d 568 (1979); *Bethlehem Mines Corp. v. Workmen's Compensation Appeal Board,* 43 Pa.Commw. 454, 402 A.2d 718 (1979); *Gibson v. Miller,* 265 Pa.Super. 597, 402 A.2d 1033 (1979); *Doner v. Jowitt & Rogers Co.,* 484 Pa. 496, 399 A.2d 402 (1979); *Commonwealth v. DeMuro,* 24 Pa.Commw. 480, 357 A.2d 270 (1976); *Costigan v. Philadelphia Finance Department Employees Local 696,* 462 Pa. 425, 341 A.2d 456 (1975).

Order affirmed.