Thomas Shollar, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation et al., Appellees.

Argued March 5, 1982, before President Judge CRUMLISH, JR. and Judges BLATT and DOYLE, sitting as a panel of three.

*Paul R. Beckert, Jr., Jackson, Sullivan & Beckert,* for appellant.

*Diane S. Hudachek,* Deputy Attorney General, with her *Walter F. Froh,* for appellee, Department of Transportation.

*Nicholas A. Leonard,* with him *Victor Jaczun, Jaczun, Grabowski & Leonard,* for appellees, Hulmeville Borough and Mark Shappcott, Jr.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., December 6, 1982:

The Bucks County Common Pleas Court granted Hulmeville Borough's motion for judgment on the pleadings.[1] Thomas Shollar appeals. We affirm.

Shollar was riding a bicycle when he struck a large hole around an open storm drain in the road surface. The road is a state road within Hulmeville Borough. Shollar now alleges that the Borough and its officers should be held liable for failure to correct the hazardous condition.[2] We disagree.

---

[1] The mayor of Hulmeville Borough also motioned for judgment on the pleadings which was also granted by the trial court. We also affirm that grant by our Opinion today.

[2] We also note that Shollar's complaint acknowledges that the Commonwealth received repeated notice of the hazard. The Commonwealth, in its brief in support of Shollar's appeal, alleges that Hulmeville should be held accountable for the condition of a state

In companion opinions filed today, we have concluded that the law is well settled that the exclusive responsibility for the repair and maintenance of state roads rests with the Commonwealth. *See also Swank v. Bensalem Township,* 68 Pa. Commonwealth Ct. 520, 449 A.2d 837 (1982).

We affirm the grant of the Borough's motion for judgment on the pleadings.

## ORDER

The Bucks County Common Pleas Court order, No. 79-617-13-2 dated December 22, 1980, is hereby affirmed.

Judge MENCER did not participate in the decision in this case.

---

.road within its borders, even though the Department of Transportation had received repeated requests to have the situation corrected. We find this assertion to be without merit both under the clear statutory mandates and the case law of this Commonwealth.