Carmen R. Medina et al. *v.* Township of Falls et al. Commonwealth of Pennsylvania, Appellant.

Argued December 14, 1982, before President Judge CRUMLISH, JR. and Judges ROGERS, BLATT, CRAIG and DOYLE.

296

*Diane S. Hudachek,* Deputy Attorney General, for Commonwealth.

*Robert A. Godwin,* for Carmen R. Medina, et al.

*Harold B. Marcus,* for appellee, Township of Falls, Supervisors of Township of Falls.

OPINION BY JUDGE CRAIG, January 20, 1983:

Mrs. Carmen Medina has sued the Commonwealth, Falls Township, and its supervisors because of injuries which she and her children allegedly sustained when her automobile struck a pothole on U.S. Route 1, a state highway. On the ground that responsibility for repair and maintenance of state roads rests exclusively with the Commonwealth, the Bucks County Court of Common Pleas dismissed Mrs. Medina's suit against the township and its supervisors on motion for summary judgment. Mrs. Medina and the Commonwealth appeal that order; we affirm.

Mrs. Medina and the Commonwealth contend that the trial court improperly granted the township's motion for summary judgment because the township had

notice of the pothole[1] and failed to act upon that knowledge, thereby violating (1) its alleged police power responsibilities under section 6109 of the Motor Vehicle Code[2] and (2) its duty to take all needful means to secure the safety of persons or property within the township under section 702 of the Second Class Township Code.[3] They argue that, among other things, Falls Township should have notified the Commonwealth of the danger and should have had police direct traffic around it.

We have recently held, however, that, because the Commonwealth has exclusive responsibility for the repair and maintenance of state roads, *Stevens v. Reading Street Railway Co.*, 384 Pa. 390, 121 A.2d 128 (1956), a township and its supervisors cannot be held liable for a failure to notify the Commonwealth of a dangerous condition on a state highway, *Calvanese v. Leist*, 70 Pa. Commonwealth Ct. 251, 452 A.2d 1125 (1982) (mud and debris on road obscured signs) or for a failure to correct an allegedly hazardous condition (hole around storm drains) on a state road, *Sholler v. Department of Transportation*, 70 Pa. Commonwealth Ct. 243, 453 A.2d 24 (1982). *Accord, Rinaldi v. Giblin*, 70 Pa. Commonwealth Ct. 253, 452

---

[1] In its opinion, the trial court noted that another individual had testified that he hit the same pothole before the Martinez accident and had notified a Falls Township police officer of the potential hazard.

[2] 75 Pa. C. S. §6109. Section 6109 specifies, as presumptively reasonable, twenty-three exercises of police power by the Commonwealth on state-designated highways and by local authorities on streets or highways within their physical boundaries. We note, however, that section 6109 merely states that other provisions of the Motor Vehicle Code "shall not be deemed to prevent" the Commonwealth and local authorities from exercising their police powers; its terms impose no affirmative duties on a local government or the Commonwealth.

[3] Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §65747.

A.2d 1126 (1982) (summary judgment granted to Falls Township because township cannot be held liable for failure to warn Commonwealth of hazardous condition on U.S. Route 1 or to re-erect sign or warn drivers of hazard).

Accordingly, we affirm.[4]

ORDER

Now, January 20, 1983, the order of the Court of Common Pleas of Bucks County, No. 81-02055-12-2, dismissing the complaint against the Township of Falls and its supervisors, is hereby affirmed.

---

[4] Because we have held that responsibility for the repair and maintenance of U.S. Route 1 rests exclusively with the Commonwealth, we need not address the Medina and Commonwealth contention that Falls Township lacks immunity from suit under various exceptions to the Political Subdivisions Tort Claims Act, 42 Pa. C. S. §8541 *et seq.*