Doe-Spun, Inc., Appellant *v.* J. W. C. Morgan, Jr., William R. Baughman and Kenneth M. Wallick, Jr., Board of Assessment Appeals, County of York, Appellees.

Keystone Weaving Mills, Inc., Successor in Title to El Jay Fabrics, Inc., Appellant *v.* J. W. C. Morgan, Jr., William R. Baughman, and Kenneth M. Wallick, Jr., Board of Assessment Appeals, County of York, Appellees.

Argued September 9, 1985, before Judges CRAIG and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Kenneth J. Sparler, Anstine and Anstine,* for appellants.

*Karen L. Semmelman, Hoffmeyer & Semmelman,* for appellees.

OPINION BY JUDGE DOYLE, December 11, 1985:

Before us are the consolidated appeals of two taxpayers, Doe-Spun, Inc. and Keystone Weaving Mills, Inc. (Appellants), from the decision of the York County Court of Common Pleas which dismissed Appellants' tax assessment appeals.

Appellants instituted separate tax assessment appeals with the York County Board of Assessment Appeals (Board) challenging the 1983 tax year assessment against their respective properties. The Board denied both appeals on November 15, 1983. On *December 14, 1983,* each Appellant appealed the Board's decision by filing a praecipe for writ of summons with the York County Prothonotary's office. The writs stated the following:

> You are hereby notified that . . . the plaintiff,
> has have [sic] commenced an action in tax assessment appeal against which you are required
> to defend.

On January 10, 1984, Appellants filed their respective petitions for appeal, which set forth the specific grounds of their appeals.

Thereafter the Board and the County of York (Appellees) filed motions to dismiss, arguing that Appellants, by filing a praecipe for writ of summons, failed to properly commence their tax assessment appeals and that their subsequently filed petitions for appeal were filed beyond the thirty day limitation period set forth in Section 5571 of the Judicial Code, 42 Pa. C. S. §5571.

The trial court consolidated the motions to dismiss, and after argument, granted the motions and dismissed Appellants' appeals. While acknowledging Appellants' contention that neither statute nor local rule provided any guidance in the manner in which to institute a tax assessment appeal, the trial court nonetheless reasoned that a praecipe for a writ of summons

could not be considered an "appeal" under applicable law defining that term. Since the praecipes were the only document filed within the thirty day appeal period specified by Section 5571 of the Judicial Code, the court concluded that Appellants had not properly instituted their appeals.

On appeal to this Court, Appellants argue that, in view of the absence of any established procedure for instituting a tax assessment appeal, their praecipes for writs of summons were sufficient and should have been considered as appeals by the court of common pleas.

Appellants' right of appeal in a tax assessment case is governed by Section 518.1 of The General County Assessment Law (Law),[1] 72 P.S. §5020-518.1. Formerly, this Section provided that an appeal to the court of common pleas could be commenced by "a petition . . . setting forth the facts of the case." This language was deleted by a 1978 Act[2] which amended this Section of the Law. The procedure on appeal is now governed by the general provisions of the Judicial Code[3] and the Local Agency Law,[4] including the provision in Section 5571(b) of the Judicial Code establishing a thirty day limitation period for appeals. See In Re: Appeal of Chartiers Valley School District, 68 Pa. Commonwealth Ct. 592, 450 A.2d 230 (1982), aff'd, 501 Pa. 620, 462 A.2d 673 (1983). Although some counties have, in the absence of any specified appeal procedure, instituted their own procedure under local rules, See Hess v. Montgomery County Board of Assessment Appeals, 42 Pa. Common-

---

[1] Act of May 22, 1933, P.L. 853, as amended, added by Section 2 of the Act of December 28, 1955, as amended.

[2] Section 1 of the Act of October 5, 1978, P.L. 1142.

[3] 42 Pa. C. S. §§1-9781.

[4] 2 Pa. C. S. §§551-555, §§751-754.

wealth Ct. 292, 400 A.2d 1337 (1979), York County has not.

Initially, we must agree with the trial court that a praecipe for writ of summons is not an appeal. An appeal has been defined as ''[a]ny petition or other application to a court for review of subordinate governmental determinations.'' Section 102 of the Judicial Code, 42 Pa. C. S. §102. *See* Pa. R.A.P. 102. Although a praecipe for writ of summons is an appropriate method for instituting an ''action'' under Pa. R.C.P. No. 1007(1), an ''action'' has been defined as ''[a]ny action at law or in equity.'' Section 102 of the Judicial Code. Clearly, since the definition of an appeal does not encompass an ''action at law or in equity,'' an appeal cannot be properly commenced by the procedure used to commence such an action.

Appellants argue, however, that the praecipes should have been regarded as an appeal under Section 708 of the Judicial Code, 42 Pa. C. S. §708, which states, in pertinent part:

(a) *General rule.*—No objection to a governmental determination shall be defeated by reason of error in the form of the objection or the office of clerk of court in which the objection is filed.

. . . .

(c) Other matters.—If a complaint in the nature of equity, mandamus, prohibition, quo warranto or other original process is commenced in any court against a government unit . . . , where the proper mode of relief is an appeal from the determination of the government unit, this alone shall not be a ground for dismissal, but the papers whereon the process against the government unit or any of such persons was commenced shall be regarded and

acted on as an appeal from such determination of the government unit and as if filed at the. time such process was commenced.

Before we address the merits of this argument, we must consider whether Appellants' failure to cite Section 708 of the Judicial Code in their proceedings before the court of common pleas precludes them from doing so here.[5] The doctrine of waiver has become firmly established in Pennsylvania and it is clear that on appeal a new and different theory of recovery may not be successfully advanced for the first time. *Janosko v. Pittsburgh National Corp.*, 83 Pa. Commonwealth Ct. 636, 642-43, 478 A.2d 160, 163 (1984), *quoting Morgan v. Sbarbaro,* 307 Pa. Superior Ct. 308, 311, 453 A.2d 598, 599 (1982). A judgment or decree will not be reversed on a theory that was not presented to the trial court. *Kimmell v. Somerset County Commissioners,* 460 Pa. 381, 333 A.2d 777 (1975).

After a review of the record in this case, however, we cannot conclude that the citation to Section 708 constituted a new theory which was not presented to the trial court. Before the trial court, Appellants argued that their praecipes for writs of summons were sufficient to institute a tax assessment appeal. Their argument rested in part upon the theory that the use of praecipes was reasonable, in view of the fact that the appeal procedure was unspecified in law, and that they were thus without guidance as to the correct procedure to use. Far from being a new theory of recovery, the citation to Section 708 of the Judicial Code simply provides authority for the theory presented to the trial court. In essence, Section 708 establishes what Appellants had urged before the trial court: that an appeal should not be dismissed merely because

---

[5] The question of whether Appellants had waived any reference to Section 708 was not addressed in the briefs to this Court, and was first raised in oral argument.

it was filed in the form of an original process action. Certainly, the failure to cite Section 708 before the trial court was serious oversight by Appellants' counsel which hampered the trial court in its review of this case. Yet we cannot hold that Appellants' failure to cite proper authority for their theory before the trial court prevents them from doing so now.

Turning to the merits of the argument, it is clear that under Section 708(c) the trial court is required to regard the praecipes for writs of summons as if they were properly filed as an appeal. *Groman v. Officers' and Employees' Pension Board,* 69 Pa. Commonwealth Ct. 447, 451 A.2d 789 (1982). Appellees cite *Hess v. Montgomery County Board of Assessment Appeals,* for the proposition that Section 708 applies only in cases in which an appeal was erroneously filed, where the filing of an original process action would have been appropriate. 42 Pa. Commonwealth Ct. at 296, 400 A.2d at 1338. *Hess,* however, was a tax assessment case in which the Appellants did file an appeal, but violated a local rule of procedure. Although in analyzing the applicability of Section 708, the court in *Hess* referred only to the language of Section 708(b), and not Section 708(c); the exclusion of 708(c) was unintentional and without significance, since it was clear that *no* provision of Section 708 applied in that case. *Hess* was certainly not intended to negate the plain language of Section 708(c), and Appellees' reliance on this case is misplaced.

Appellees also claim that Section 708(c) applies only to improperly filed *complaints,* and not to praecipes such as were filed in this case. Section 708(c), however, applies to a "complaint in the nature of equity, mandamus, prohibition, quo warranto *or other original process.*" (Emphasis added.) The term "other original process" is not intended to modify "complaint", since the resulting phrase, "complaint

in the nature of . . . other original process," would have no meaning. Rather, the term is intended to specify a process *other than* a complaint, and must be read in the form: "complaint . . . or other original process." As stated earlier, Pa. R.C.P. No. 1007(1) identifies a praecipe for a writ of summons as one such process other than a complaint which may be used to institute an action. Thus, Section 708(c) must be said to apply to improperly filed praecipes as well as to complaints.

For the foregoing reasons we must conclude that the trial court erred in dismissing Appellants' tax assessment appeals. Accordingly, we reverse the trial court's order and direct that Appellants' praecipes for writs of summons be reinstated and be regarded as appeals from the York County Board of Tax Assessment Appeals.[6]

ORDER

Now, December 11, 1985, the order of the York County Court of Common Pleas, docket numbers 83-5-4320 and 83-5-4336, dated November 20, 1984, is hereby reversed, and it is directed that Appellants' actions at the above docket numbers be reinstated and regarded as appeals.

---

[6] Because of our disposition of the instant matter, we need not consider Appellants' additional argument, that Appellees' filing of discovery requests before the trial court constituted a waiver of any procedural defects in the appeal.