# School District of the City of Erie v. The Hamot Medical Center of the City of Erie

*Gerald J. Villella,* for plaintiff City of Erie.

*John W. Beatty,* for plaintiff School District of the City of Erie.

*James D. McDonald* and *Gary Eiben,* for defendants Hamot Medical Center and Hamot Health Systems.

*John M. Quinn Sr.* and *Kenneth W. Wargo,* for defendant St. Vincent Health Center.

LEVIN, *J.,* April 24, 1989 — Before the court at this time is a petition to intervene. This is an action challenging the exemption from local real estate taxation of various parcels of real estate owned by the Hamot Medical Center in the City of Erie. Appeals were taken by the School District of the City of Erie and the City of Erie from the listing by the Erie County board of assessment appeals of properties owned by Hamot Medical Center of the City of Erie, Pennsylvania, as tax-exempt. On December 21, 1988, the board of assessment appeals issued a decision finding that the properties at issue met its requirements for tax-exempt status. The board of assessment appeals mailed its order on

December 21, 1988, and it was received by the City of Erie in a timely manner.

The School District of the City of Erie filed a "complaint and appeal" on January 14, 1989. The City of Erie filed a document entitled "notice of intervention" on January 18, 1989. After the time period for appeal had expired, the City of Erie filed another document entitled "petition to intervene." This document was filed on January 26, 1989. The appeal period had expired January 20, 1989.

Hamot Medical Center has filed an answer in opposition to the petition to intervene. It is the contention of Hamot Medical Center that the proper method by which the City of Erie should have challenged the action of the board of assessment appeals was to file a notice of appeal from the board's ruling.

The court notes that this matter has been before this court previously. Hamot has filed both a petition for review and a complaint in equity. This action by Hamot was in response to various procedural rulings of the board of assessment appeals. A hearing was held on the petition for review and the complaint in equity on October 25, 1988, before the Honorable Roger M. Fischer. On October 27, 1988, Judge Fischer ruled that the board had jurisdiction to hear the exemption appeals which are the heart of the present action. An appeal by Hamot Medical Center from Judge Fischer's ruling is presently pending in the Commonwealth Court.

The first issue that the court will address is the question whether the City of Erie is entitled to be a party or alternatively be allowed to intervene in the School District of the City of Erie's appeal of the board's December 1, 1988, order.

There is no question that the City of Erie filed a notice of intervention in each of the proceedings.

These notices of intervention specifically incorporated by reference the complaint and appeal previously filed by the school district, and both the school district and the city filed within 30 days of the board's decision in each assessment appeal. It is the position of Saint Vincent and Hamot that the city's action was not authorized by statute or rule. Therefore, they contend that the city's appeal is null and void.

The relevant statute on this matter is 72 Pa.C.S. §5350i. This section reads as follows:

"The corporate authorities of any borough, town, township, school, institution and poor district, and county, who may feel aggrieved by any assessment of property or subjects of taxation for its corporate purposes, shall have the right to appeal therefrom in entirety or by individual assessments in the same manner, subject to the same procedure, and with like effect as if such appeal were taken by a taxable with respect to his assessment, and in addition may take an appeal from any decision of the board or court of common pleas as though it had been a party to the proceedings before such board or court even though it was not such a party in fact. Such authorities may intervene in any appeal by a taxable under section 9 of this act as a matter of right."

The Judicial Code at 42 Pa.C.S. §102 defines *appeal* as:

"Any petition or other application to a court for review of subordinate governmental determinations. The term includes an application for certiorari under section 934 (relating to writs of certiorari) or under any other provision of law. Where required by the context, the term includes proceedings on petition for review."

The court notes that 72 Pa.C.S. §5350i does not list "city" among the corporate authorities entitled

to appeal or intervene a decision of the board. Yet this statute must bear some weight in the court's decision. The City of Erie, by ordinance no. 57-1979, has accepted this act. It was the apparent intention of the legislature to omit the word "city" because not every city has made itself subject to the Second Class A and Third Class County Assessment Act. Since the city has accepted the provision of this act, all of the provisions thereof, including the right to appeal from assessments as provided for other municipal districts, should apply to the City of Erie, including section 5350i. 72 Pa.C.S. §5350j(c).

Under 72 Pa.C.S. §5020-520, a corporate authority of any city aggrieved by any assessment of any property or subject of taxation for its corporate purposes shall have the right to appeal therefrom in the same manner, subject to the same procedure, and with like effect, as if such appeal were taken by a taxable with respect to his property. Admittedly, there are no statutes that address the issue of the appealability of a board of assessment decision concerning the tax-exempt status of a party. Thus, this is a case of first impression for the court.

The court is aware that it is obligated to strictly construe any statute provisions exempting persons and property from taxation. 1 Pa.C.S. §1928(5). Nevertheless, at the same time, the court realizes that if it is at all possible, the legislation should be construed under the law to favor the public interest as against private interest. Public interest would favor intervention. 1 Pa.C.S. §1922(5).

In this situation, the court believes the interests of all parties would be best served by analyzing the consequences of not allowing the city to be an intervening party. 1 Pa.C.S. §1921(6). Applying this test to the hospitals, there would be no effect on the substantial rights of Hamot or Saint Vincent by

allowing the city to appeal the board's decision. Indeed, both organizations will be presenting the same information and law concerning the defense of their tax-exempt status.

If the court were to rule in favor of the hospitals against the City of Erie, there would be extreme prejudice to the City of Erie. Conversely, the hospitals would not incur the same prejudice since they must be prepared to protect their rights in a litigation against all arguments the City of Erie would develop through the school district.

It cannot be said that the city's interests would be adequately represented by just the school district's appeal in this action. The court is certain that the city and its counsel could provide much insightful information concerning this case. The City of Erie and the school district are two separate taxing bodies, and as such they could have differing legal theories and facts to bring to this suit. Hence, the city should be allowed to appeal the board's decision to protect their rights. Pa.R.C.P. 2329(2). Additionally, the city is a proper party for intervention in this action since a determination of such action may affect their legally enforceable interest of collecting taxes. Pa.R.C.P. 2327(4).

A final reason to allow intervention is that statute in essence would permit the city to intervene even though they were not a party in the court below. 72 Pa.C.S. 5350(i). Hospitals contend that this only applies if a city had not been a previous party to the litigation. The court finds little merit in this contention since if the legislature had intended this limitation, it would have specifically provided for same. Inasmuch as it was not set forth in the statute, the court must assume that no such limitation was meant to be imposed by the legislature. If the city can become a party eventually at some appellate

level, certainly it should be allowed to be an intervening party where the facts are being developed.

The next issue before the court is whether the City of Erie notice of intervention which was filed within the 30-day limitation as required under 42 Pa.C.S. §5571(b) constitutes an appeal. The Local Agency Law does not contain a section which specifies the time period in which an appeal must be filed. However, the proper time limit is in the Judicial Code.

The relevant statute concerning the time limit from which an appeal from an assessment board decision should be taken is 42 Pa.C.S. §5571(b). This statute section reads as follows:

*"Other counts* — Except as otherwise provided in subsections (a) and (c), an appeal from a tribunal or other government unit to a court or from a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order." (Subparagraphs (a) and (c) of section 5571 are not relevant to the court's present case.)

The court in the present action has the discretion to treat an error in an objection to governmental determination such as the present case as if it were a properly filed appeal. 42 Pa.C.S. §708(a) and (c).

42 Pa.C.S. §708(a) and (c) provide:

"(a) *General Rule* — No objection to a governmental determination shall be defeated by reason of error in the form of the objection or the office of clerk of court in which the objection is filed.

"(c) *Other matters* — If a complaint in the nature of equity, mandamus, prohibition, quo warranto or other original process is commenced in any court against a government unit or one or more of the persons for the time being conducting its affairs, as such, objection to a governmental determination by .

any of them, where the proper mode of relief is an appeal from the determination of the government unit, this alone shall not be a ground for dismissal, but the papers whereon the process against the government unit or any of such persons was commenced shall be regarded and acted on as an appeal from such determination of the government unit and as if filed at the time such process was commenced."

These two subsections of the statute provide the courts with the discretion to overlook procedural errors in an appeal. The court is limited to overlooking errors in a complaint or other original process as an appeal. *Doe-Spun Inc. v Morgan,* 93 Pa. Commw, 447, 502 A.2d 287 (1985). In any property assessment appeals case there are set procedural requirements. However, when the tax-exempt status of one party is challenged, there are no procedural requirements.

In the present case, the city has filed the notice of intervention and the petition for intervention. Indeed, in each proceeding, the city has filed a notice of intervention which specifically incorporated by reference the complaint and appeal previously filed by the school district. Both the City of Erie and the school district have filed their notices within 30 days of the board's decision in each assessment appeal.

As stated earlier, the definition of appeal in the Judicial Code includes any petition or other application to a court for review of subordinate governmental determinations. 42 Pa.C.S. §102. The City of Erie's notice to intervene did not state that it was an "appeal." Nonetheless, the city's notice of intervention correctly incorporates the School District of the City of Erie's pleading by reference. Pa.R.C.P. 1019(g).

Also, the court has authority to allow an appeal even if it is improperly labeled. 42 Pa.C.S. §708(a) and (c). The city's notice of intervention was filed within the 30-day time limit for appeals. The content of the notice is identical to the school district's appeal. Consequently, the court could allow the City of Erie to correct the caption or direct appropriate docketing. Pa.R.C.P. 1018(g). As such, the city's pleading would still conform to the 30 days' time limit in which an appeal has to be filed.

As noted earlier, the court believes that no error in the city's pleadings affects the substantial rights of the parties. Whether the defect was the way the notice was docketed or how the caption or hearing read, the court has the right to disregard these procedural errors. Pa.R.C.P. 126. This notice of intervention falls directly under the provisions of 42 Pa.C.S. §708. Counsel for Hamot Medical Center correctly points out that it is only where a complaint or other original process has been filed that a court may treat a document other than a notice of appeal as sufficient substitute for an appeal. 42 Pa.C.S. §703(c). The court believes that the City of Erie's notice of intervention would constitute original process. This notice incorporated by reference the school district's complaint and appeal. As such, it is similar to a complaint with attachments or like a contract with similar documents included.

In conclusion, the court believes that both Hamot and Saint Vincent have received adequate notice of the city's intention to join in the school district's appeal action. No substantial rights of Hamot or Saint Vincent were affected by the error of the captioning of this action as a notice of intervention. Therefore, the court will overlook the heading "no-

tice of intervention" and treat the filed papers as an appeal instead of a motion for intervention. 42 Pa.C.S. §708(a) and (c).

The court has not addressed the applicability of the Local Agency Law. The question of whether the Local Agency Law is applicable is one which need not be decided at this time. At a later date, the court must eventually wrestle with this issue to determine the type of hearing that must be held, particularly whether said hearing is to be a de novo one. Regardless of whether this case is covered by the provisions of the Local Agency Law or exclusively by the provisions of the General Assessment Law, the appeal period is fixed by the 30-day period set forth in section 5571(b) of the Judicial Code. 42 Pa.C.S. §5571(b).

## ORDER

And now, April 24, 1989, it is hereby ordered, adjudged and decreed that the City of Erie's motion for intervention is granted.