In Re: Controller's Subpoena Concerning the Professional Education Fund of the Allegheny County Coroner's Office. Frank J. Lucchino, Controller of Allegheny County, Pennsylvania, Appellant.

In Re: Allegheny County Controller's 1979 Annual Report. Frank J. Lucchino, Controller of Allegheny County, Pennsylvania, Appellant.

Argued February 4, 1981, before President Judge CRUMLISH and Judges WILKINSON, JR., MENCER, BLATT, MACPHAIL, WILLIAMS, JR. and PALLADINO.

*Doris A. Smith,* for appellant.

*John M. Feeney, Baskin and Sears,* for appellee, Cyril H. Wecht, M.D.

*Mark F. Geary,* for appellee, Ralph J. Stalter, M.D.

*Harry H. Stump,* for appellee, William R. Hunt, M.D.

*James H. McLean,* County Solicitor, with him *Loraine S. Tabakin,* Assistant County Solicitor, for County of Allegheny, Interpleaded Party.

OPINION BY PRESIDENT JUDGE CRUMLISH, September 25, 1981:

This is a consolidated appeal taken by the Allegheny County Controller[1] from three Allegheny County Common Pleas Court orders sustaining in part and overruling in part preliminary objections filed by three former Allegheny County Coroners[2] and denying the Controller's petition to open the 1979 Controller's Annual Report. We reverse and remand.

On October 29, 1979, the Controller filed a surcharge report in Allegheny County Common Pleas Court, in accordance with Section 1901 of the Second Class County Code, 16 P.S. §4901,[3] alleging that certain county officers collected and received fees in performance of their official duties and failed to account for the funds or deposit them in the county treasury.[4] The surcharge asserted claims to recover fees collected and retained from 1966 through 1978 by the Coroners while in office for services performed in connection with toxicology specimen testing and post-mortem examination for counties other than Allegheny.[5]

After hearings on the Coroners' preliminary objections, the court below held that a two-year statute of limitations applied to the surcharge claims which be-

---

[1] Formerly John T. Lynch, now Frank L. Lucchino.

[2] William R. Hunt, Ralph J. Stalter and Cyril H. Wecht.

[3] Section 1901 reads in pertinent part:

The controller shall have a general supervision and control of . . . the accounts and official acts of all officers . . . who shall collect, receive or distribute the public moneys of the county. . . . He shall, immediately on the discovery of any default or delinquency, report the same to the commissioners and the court of common pleas of the county, and shall take immediate measures to secure the public moneys. . . .

[4] Former Coroner Hunt was surcharged $1,757.00, Stalter $5,-530.50, and Wecht $390,376.75.

[5] These fees were deposited in a private bank account maintained by the Coroner's Office known as the Professional Education Fund.

gan to run from the date of discovery of the activities in question. Accordingly, that court barred all claims against former Coroners Hunt and Stalter, and any claim against Wecht which arose prior to October 29, 1977.

The companion case challenges two Common Pleas orders which denied the Controller leave to file a supplement to the 1979 Annual Report and struck from the record a surcharge against Wecht for monies allegedly wrongfully withheld during 1979.[6]

The Controller appeals the lower court's application of a two-year statute of limitations and denial of leave to amend the 1979 Annual Report.

At the outset, the Coroners maintain that the surcharges were improperly filed since the services performed were not part of their official duties as County Coroners. The Coronors reason that the constitutional[7] and statutory[8] mandates requiring funds to be turned over to the county do not apply to the monies in dispute since the services were not performed for Allegheny County in an official capacity. We reject such a proposition.

Although the Coronor's office may have had no legal obligation to render services to outside entities, the services were performed under the auspices of the Allegheny County Coroner's office. The record re-

---

[6] Wecht was surcharged $15,139.23 representing fees received from February 5, 1979 to July 18, 1979.

[7] Article 9, Section 4 of the Pennsylvania Constitution provides in part:

County officers shall be paid only by salary as provided by law for services performed for the county of any other governmental unit. Fees incidental to the conduct of any county office shall be payable directly to the county or the Commonwealth, or as otherwise provided by law.

[8] The Coroners direct our attention to Section 1801 of the Code, 16 P.S. §4801, and Section 1802 of the Code, 16 P.S. §4802, which require reporting, bookkeeping and transfer to the county of all monies received for "official" services.

veals that county facilities were utilized to perform the post-mortem procedures. Since the activities in question were closely associated with the Coronor's Office as an official County office, we conclude that the services were performed in the Coroners' official capacity, that the Coroners were obligated to report receipt of funds to the county through the Controller and that the surcharges filed by the Controller are the proper avenue to relief.

## No. 33 T.D. 1980

The Controller asserts that the claims against the Coroners are not subject to the statute of limitations since the surcharge is an action by the county to enforce a right accruing to the county in the exercise of its governmental function. We disagree.

In Chapter 55 of the Judicial Code, the Legislature has enacted comprehensive legislation setting forth limitation periods for various actions brought in the Commonwealth's Courts. Section 2 of the Code, 42 Pa. C.S.A. §5524(6), provides that actions against any county officer for the nonpayment of money must be commenced within two years.[9]

We cannot ignore this legislative mandate. The surcharge is clearly a claim against a county officer for funds wrongfully withheld to which the two-year limitation period applies.[10]

Although we agree with the lower court's application of a two-year limitation period, we cannot ac-

---

[9] Section 5524 reads in part:

The following actions and proceedings must be commenced within two years:

    (6) An action against any officer of any government unit for the nonpayment of money or the non-delivery of property collected upon on execution or otherwise in his possession.

[10] The Controller's position that no limitation period applies is further refuted by our recent decision in *Department of Transpor-*

cept its conclusion that the statute began to run in the summer of 1977 when the existence of the Professional Education Fund became public knowledge.

In *Appeals of Lackawanna County,* 296 Pa. 271, 145 A.2d 844 (1929), the county sought recovery against the county treasurer for funds wrongfully withheld. The controller had filed reports for the years in question without accounting for the wrongfully withheld funds since the treasurer had never reported receiving the monies. In these circumstances, our Supreme Court held that the limitation period did not begin to run until the treasurer made a full and complete report to the controller as required by law.

We are faced with an analogous situation. The funds in question were deposited to private coroner bank accounts and never reported to the Controller between 1967 and 1978. Since the record discloses that to date the surcharged officers have not submitted full and complete returns as required by Section 1802 of the Second Class City Code, 16 P.S. §4802, we conclude that the two-year limitation period does not begin to run until full and complete returns are filed by the Coroners with the Controller.[11] Consequently, no claims against former Coroners Hunt, Stalter and Wecht are barred by the statute of limitations.

### No. 1548 C.D. 1980

At issue in the companion case is the propriety of two lower court orders entered on June 6, 1980 which denied leave to the Controller to file a supplement to the 1979 Annual Report and which struck from court

*tation v. Bishop,* 55 Pa. Commonwealth Ct. 377, 423 A.2d 773 (1980), where we held that the Commonwealth as plaintiff is no longer exempted from statutes of limitation.

[11] The *Lackawanna* court also concluded that public knowledge of the Treasurer's practice of retaining certain funds did not trigger the running of the statute of limitations. We reject a similar contention made by the Coroners here.

records a surcharge report filed against Dr. Wecht in the amount of $15,139.23 for fiscal 1979.[12]

Section 1930 of the Code, 16 P.S. §4930, provides that the reports of the Controller, as of the date of filing, act as a judgment against the real estate of the county officer alleged to be indebted to the county. Although the Code contains no provision permitting a supplemental filing beyond the date the Controller's Annual Report is due, the lower court allowed supplemental filings for fiscal years 1967 through 1978. However, the court refused to permit a 1979 supplement and surcharge, reasoning that the automatic judgment and lien against Wecht's real estate upon filing would work an unreasonable hardship against him.

The Controller argues that the filing provisions of the Code are the exclusive remedy available to the County,[13] and, although the Code does not specifically so provide, the county should be permitted to file a supplemental report within sixty days of filing the Annual Report. The Controller reasons that a sixty-day period is applicable since Section 1931 of the Code, 16 P.S. §4931, permits the Commonwealth, Counties and County Officers to appeal from Annual Reports within sixty days of the original filing.

Although we cannot read into the County Code a sixty-day supplemental filing period, we conclude that the lower court abused its discretion in not permitting the 1979 surcharge. We can discern no reason for distinguishing the 1979 supplemental filing and the

---

[12] The 1979 surcharge arose out of the same factual setting as No. 33 T.D. 1980, the deposit of funds to a private coroner bank account without report to the county.

[13] The Coroners argue, as the lower court concluded, that an action in assumpsit against the surcharged officers is an available alternative remedy. We will not address this issue since we conclude that the surcharge action was properly filed.

Amended Surcharge Report which the Court of Common Pleas allowed for the years 1967 through 1978. The Second Class County Code cannot be interpreted as requiring the Controller to file, as part of his Annual Report, charges against a county officer for alleged wrongdoing when the fees were never reported as required by law. We will not impose such an onerous burden.

Nor are we persuaded by the lower court's reasoning that the automatic judgment against a public official's real estate, as provided in Section 1930 of the Code, 16 P.S. §4930, is too harsh a penalty to impose on a county officer who has allegedly violated the public trust with which he is charged. The former coroners will have an opportunity at trial, with the attendant guarantees of due process, to defend their actions in retaining the funds at issue.

Accordingly, we reverse and remand to the Court of Common Pleas of Allegheny County for proceedings consistent with this opinion.

Date: September 25, 1981.

### ORDER

1. The order of the Allegheny County Court of Common Pleas, by Administrative Judge PAPADAKOS, dated April 10, 1980, is reversed insofar as it (a) concluded that the statute of limitations began to run in the summer of 1977, (b) dismissed the complaints against Dr. William R. Hunt and Dr. Ralph J. Stalter and (c) dismissed the complaint against Dr. Cyril H. Wecht with respect to the claim arising prior to October 29, 1977.

2. The orders of the Allegheny County Court of Common Pleas, by Administrative Judge PAPADAKOS, dated June 6, 1980, are reversed. The lower court is directed to permit filing of the supplement to the 1979 Controller's Annual Report.

3. No. 33 T.D. 1980 and No. 1548 C.D. 1980 are remanded to the Allegheny County Court of Common Pleas for proceedings consistent with this opinion.

Judge WILKINSON, JR. did not participate in the decision in this case.