Margaret B. Groman, Appellant *v.* Officers' and Employees' Pension Board of the City of Bethlehem et al., Appellees.

Argued June 10, 1982, before President Judge CRUMLISH, JR. and Judges ROGERS and MACPHAIL, sitting as a panel of three.

448

*William F. Zaun,* for appellant.

*Thomas W. Houser,* for appellee, Officers' and Employees' Pension Board of the City of Bethlehem et al.

*Richard F. Boyer,* for appellee, City of Bethlehem.

OPINION BY JUDGE MacPHAIL, October 25, 1982:

Margaret B. Groman (Appellant) appeals here from a decision of the Court of Common Pleas of Northampton County in favor of the Officers' and Employees' Pension Board of the City of Bethlehem (Board) and the City of Bethlehem (City) disallowing payment of pension benefits as of the date of Appellant's fifty-fifth birthday, May 23, 1979.

Appellant commenced the instant action in assumpsit after the Board denied her application for pension

benefits pursuant to the provisions of Section 4 of the Act of May 23, 1945 (Act of 1945), P.L. 903, *as amended,* 53 P.S. §39374.[1] Although the trial court in a footnote in its opinion disposing of Appellant's exceptions to a non-jury verdict, indicated its consciousness of a possible jurisdictional question, it did not address that issue because the Appellant's procedure was not challenged by the City or the Board. Neither has the jurisdictional issue been raised in the briefs or oral argument in this Court.

In *Lashe v. Northern York County School District,* 52 Pa. Commonwealth Ct. 541, 417 A.2d 260 (1980), we discussed in some detail the elements of subject matter jurisdiction. We need not repeat that discussion here. Our holding in *Lashe* was that where subject matter (as opposed to personal) jurisdiction is involved, the court has a duty to determine its own jurisdiction sua sponte, even though the issue has not been raised by the parties.

In the instant case, we are of the opinion that Appellant had an exclusive statutory remedy under the Local Agency Law, 2 Pa. C. S. §§551-555, 751-754, to pursue her pension entitlement. There can be no doubt that the Board is a local agency within the meaning of that term as defined in 2 Pa. C. S. §101.[2] Likewise, there can be no doubt that the decision of the Board denying the Appellant's application for benefits is an adjudication as that term is defined in 2 Pa. C. S.

---

[1] The Board and the City do not dispute that Appellant's pension *vested* when she reached her fifty-fifth birthday but their position is that Appellant is not entitled to *payment* of her benefits until she attains the age of sixty.

[2] "Local agency" is defined as a "government agency other than a Commonwealth agency." "Government agency", in turn, is defined as, "Any Commonwealth agency or any political subdivision or municipal or other local authority, or any officer or agency of any such political subdivision or local authority."

§101,[3] *Hardee's Food Systems v. Department of Transportation,* 495 Pa. 514, 434 A.2d 1209 (1981), but the adjudication is an invalid one since Appellant was not granted an administrative hearing before the adjudication was filed. *Hardee's* and *Callahan v. Pennsylvania State Police,* 494 Pa. 461, 431 A.2d 946 (1981). Even though Appellant's exclusive remedy for the alleged wrong is an administrative appeal as provided for in Section 752 of the Local Agency Law, 2 Pa. C. S. §752, we will not dismiss the instant case for failure to pursue that exclusive statutory remedy in light of the provisions of Section 708(c) of the Judicial Code[4] which provides that where the proper mode of relief is an administrative appeal but the complainant has erroneously commenced an action by use of an original process, the erroneous procedure alone shall not be a ground for dismissal but the papers shall be regarded and acted upon as an administrative appeal. Under ordinary circumstances, therefore, we would remand to the Board for the purpose of affording Appellant an administrative hearing.

In this particular case, however, nothing would be gained by a remand, the purpose of which would be to give Appellant an opportunity to prove her case by the presentation of evidence. Here, as the trial court stated, "the facts have been agreed upon."[5]

---

[3] "Adjudication" is defined as, "Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made."

[4] 42 Pa. C. S. §708(c).

[5] A stipulation of counsel dated August 13, 1980 states:

It is hereby stipulated and agreed by and between the parties hereto that all facts in the above-captioned matter are agreed to between the parties with the exception of those

The trial court and counsel agreed that the issue to be resolved was one of law. We agree. Furthermore, even in an administrative appeal, statutory authority is given to the trial court by 2 Pa. C. S. §754(a) to make a complete record, where one does not exist, by hearing the appeal de novo. We conclude that Appellant's rights have been fully protected in the instant case notwithstanding the "invalidity" of the Board's adjudication and we will proceed now to address the substantive issues.

Appellant began her employment with the City in September of 1942 and was employed continuously by the city for a period of twenty-five years and two months. On December 1, 1967, Appellant voluntarily resigned and retired from her position as Chief Clerk in the Bureau of Water of the City. After she resigned, Appellant continued to make the required contributions into the Officers' and Employees' Pension Fund until she reached the age of fifty-five. On April 2, 1979, the Appellant submitted a letter of application to the Board requesting that her retirement compensation begin at age fifty-five. On April 6, 1979, the Board approved her application. However, on May 4, 1979, the Board rescinded its earlier action and denied payment of benefits at age fifty-five.

The central legal issue in this case involves the interpretation of Section 4(a) of the Act of 1945,[6] 53 P.S. §39374(a) which states in pertinent part:

That every person now or hereafter elected or appointed to an office, of or employed by,

---

facts raised at the pre-trial conference on February 21, 1980 before the Honorable Judge FRANKLIN VAN ANTWERPEN and resolved by subsequent depositions of Margaret B. Groman and Bessie B. Weaver.

[6] The Act of 1945 provides for an optional retirement system for officers and employees of third class cities.

any city which has created such retirement system and such board, as hereinafter provided, *of the age of sixty (60) years and upwards* who shall have so served as an officer or employe for a period of twenty (20) years, or more, shall, upon application to the board, be retired from service, and shall during the remainder of his life *receive* the compensation fixed by this act, subject to such qualifications as are hereinafter contained.

If any person shall have served twenty (20) years and voluntarily retires he shall, by continuing his contributions until the age of fifty-five (55), *be entitled to the above compensation.* (Emphasis added.)[7]

Appellant contends that the language of the second paragraph provides for early retirement with benefits commencing at age fifty-five if the municipal employee has met the statutory conditions; that is, she voluntarily retires, she serves twenty or more years and she contributes until the age of fifty-five. There is no dispute that Appellant has satisfied these statutory conditions.

---

[7] Section 155.12(b) of City ordinance No. 942, Bethlehem, Pa., Administrative Code Art. 155 (1970) provides that a person who fulfills the statutory requirement is entitled to retirement compensation at age *sixty.* Although a city is in no way bound to adopt a system of pension retirement, when it exercises its options to do so, it is bound to accept the provisions of the act in toto. The words of the city ordinance are not the same as Section 4(a) of the Act of 1945, but we are bound by legislative directive to apply the language of the Act of 1945 when a city adopts a system of pension retirement. *See* Section 2 of the Act of 1945, 53 P.S. §39372. Therefore, the city ordinance insofar as it differs from the Act with respect to the age when retirement compensation is to begin, is inoperative and the rights of the Appellant must be determined by the Act itself. *See Kidwell v. Fitch,* 38 Wash. 146 (1959).

The Board and the City on the other hand argue that the Appellant's interpretation creates an inconsistency between the first and second paragraphs of Section 4(a), and that the second paragraph merely provides a vesting mechanism to an employee who has served twenty years, has attained the age of fifty-five and who has retired but that the payment of such benefits shall not commence until the qualified employee attains the age of sixty.

From our research we feel satisfied that there is no binding case law interpreting the voluntary retirement section of the Act of 1945. We turn then to the principles of statutory construction.

"Every statute shall be construed, if possible, to give effect to all its provisions." Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(a). If the second paragraph of Section 4(a) means that benefits commence at age fifty-five, then the first paragraph of Section 4(a), which states that a qualified employee *sixty* years of age or older shall, upon application, be retired and receive pension benefits, would be rendered null and void.

As we have noted, the second paragraph of Section 4(a) states that any person shall "be entitled to the *above* compensation" (emphasis added) if they have served twenty years, retired voluntarily and made their contributions until age fifty-five. This language refers us to the first paragraph of Section 4(a), and the first paragraph states that an eligible recipient is entitled to *receive* compensation at age *sixty*.

We agree with the Board and the City that the second paragraph vests the recipient's *eligibility* to *receive* pension benefits at age 55, but the enjoyment of *receiving* those benefits is deferred until such qualified persons attain age sixty under the explicit language of paragraph one. As our Supreme Court

stated: "[w]hen an employee has satisfied the conditions placed by a retirement system upon his right to retirement benefits ... his right to retirement benefits becomes vested with only the enjoyment thereof postponed." *Dombrowski v. City of Philadelphia,* 431 Pa. 199, 210, 245 A.2d 238, 244 (1968).

Appellant argues that the Board's initial decision to award her benefits at age fifty-five was improperly rescinded at the following Board meeting. The Board conducts its business in accord with Robert's Rules of Order and Appellant argues that Robert's Rules, at page 259 (1970) prohibit the rescission of a contract after notice is given. The relevant rule provides in part that:

[A] vote cannot be rescinded after something has been done as a result of that vote that the assembly cannot undo; or in case it is in the nature of a contract and the other party is informed of the fact. ...

Although we agree with Appellant's assertion that an employee's rights under a pension statute are contractual, *see Rupert v. Policeman's Relief and Pension Fund,* 387 Pa. 627, 129 A.2d 487 (1957), we do not agree that the Board rescinded its contract with the Appellant. The pension contract between the Appellant and the City is still in effect and at age sixty benefits must be provided to her; that is, she now has a vested contractual right to receive those benefits at that time. As the trial court reasoned, the Board by its vote "merely refused payment of benefits at age 55 in accord with its interpretation of the statute," it did not rescind the contract.

Order affirmed.

ORDER

It is ordered that the order of the Court of Common Pleas of Northampton County, dated June 29, 1981, numbered 1979-C-8527, is hereby affirmed.