## Sebastionelli v. City of Bethlehem

*Quintes D. Taglioli,* for plaintiff.
*Richard F. Boyer,* for defendants.

FREEDBERG, *J.,* June 11, 1984—This matter is before the court on a case stated basis. The parties seek to determine the amount of pension benefits due plaintiff from the City of Bethlehem Firemen's Pension Fund.

The City of Bethlehem (hereinafter the City) employed plaintiff as a firefighter in the Department of Fire from January 1, 1952, to December 31, 1977, and, as a result thereof, plaintiff became eligible for a pension from the Firemen's Pension Fund. Plaintiff 's salary varied throughout the years, but during the time period from December 20, 1976, to December 18, 1977, the plaintiff received a salary of $18,135.78 in the form of 26 bi-weekly payments of $697.53.* In early January, 1978, plaintiff received a check in the amount of $743.57 which constituted his earnings for the payment period of December 18 to December 31, 1977. This payment included a 6.6 percent salary increase from the bi-weekly wages which plaintiff received in 1977. The City granted this 6.6 percent salary increase to all City employees, and it was first reflected in the city paychecks issued on January 6, 1978. The custom and practice of the city had been to compensate employees employed by the city at the time of the first paycheck of a new budget year at the new budget year pay rate, even though said first paycheck may have represented payment for services rendered during the

---

* It should be noted at this point that the City's budgetary year runs from January 2 to December 31.

last weeks of the immediately preceding budget year.

Plaintiff's retirement was effective at 11:59 p.m. December 31, 1977, and he began receiving a monthly pension of $905.54 based upon a final annual salary of $19,333. This was computed by multiplying by 26 the claimant's final bi-weekly salary of $743.57. On or about October 6, 1978, the City recalculated plaintiff's monthly pension using a final annual salary of $18,136. This amount does not include plaintiff's final bi-weekly salary of $743.57 but is based upon a bi-weekly salary of $697.53. Thereafter, the City unilaterally reduced plaintiff's monthly pension from $905.54 to $855.67. Additionally, the City deducted a total of $448.83 from plaintiff's monthly pension checks from October, 1978, through March, 1979, in monthly amounts of $74.80. Said deductions allegedly represented overpayment of pension benefits which plaintiff collected from January, 1978, through December, 1978. The present action was then instituted by a writ of summons filed on October 5, 1982.

The parties raise the following issues for determination: whether plaintiff's claim for additional monthly pension benefits and defendants' counterclaim for alleged over-payment of salary are barred by 42 Pa.C.S.'s §5524(6); and if not so barred, whether plaintiff's monthly pension benefits should be based on a final annual salary of $19,333, which is computed by using plaintiff's final bi-weekly check of $743.57 covering the period from December 18, 1977, to December 31, 1977, or whether plaintiff's monthly pension benefits should be based upon a final annual salary of $18,136, which is computed by using bi-weekly earnings of $697.53 covering the payment period of December 5, 1977, to December 18, 1977.

The first issue, then, is which statute of limitation applies to the case before us. Defendants argue that the two year statute of limitation of 42 Pa.C.S. §5524(6) applies. This section states that "an action against any officer of any government unit for the non-payment of money or the non-delivery of property collected upon execution or otherwise in his possession" must be commenced within two years. Defendants argue that plaintiff in this matter has brought an action against defendants, officers of a governmental unit, based upon the non-payment of money (the pension benefits), from a fund in the possession of such public officers. Plaintiff asserts that the six year statute of limitation of 42 Pa.C.S. §5527(2) for contract actions is the proper statute. This section states that "an action upon a contract, obligation or liability founded upon a bond, note or other instrument in writing, except in actions subject to another limitation specified in this subchapter" must be commenced within six years.

We hold that the two year statute of limitation applies to the matter before us. A long line of Pennsylvania cases have held that an employee's relationship with a government entity in its retirement system is contractual in nature. Miller v. Commonwealth, State Employees' Retirement Board, 498 Pa. 102, 445 A.2d 88 (1981); Dombrowski v. Philadelphia, 431 Pa. 199, 245 A.2d 238 (1968); Rupert v. Policemens Relief & Pension Fund, 387 Pa. 627, 129 A.2d 490 (1957); Hickey v. Pittsburgh Pension Board, 378 Pa. 300, 106 A.2d 233 (1954); Retirement Board v. McGovern, 316 Pa. 161, 174 Atl. 400 (1934); Groman v. Officers' & Employees' Pension Board, 69 Pa. Commw. 447, 451 A.2d 789 (1982). Therefore, at the time retirement pay becomes a vested right, it is ripened into a full contractual obligation. McBride v. Allegheny City Retirement

Board, 330 Pa. 402, 199 Atl. 130 (1938). See also 25 P.L.E. Municipal Corporations §156. However, 42 Pa.C.S. §5527(2) specifically states that the six year statute applies "except in actions subject to another limitation specified in this subchapter"; thus, we hold that the two year statute of limitation is applicable to the present cause of action. Although there is a paucity of cases dealing with this section of the Code of Judicial Procedure, the Commonwealth Court's opinion in In re Controller's Subpoena Concerning the Professional Education Fund of the Allegheny County Coroner's Office, 62 Pa. Commw. 58, 434 A.2d 1323 (1981), does illustrate when this section pertains to a cause of action. In this case, the Second Class County Code required county coroners to account for fees earned and to deposit them in the county treasury. Several coroners collected fees but failed to deposit them. The county controller then brought suit to recover the fees. The court applied 42 Pa.C.S. §5524(6), stating that the charge "is clearly a claim against a county officer for funds withheld to which the two year limitation period applies." We find this case very similar to the one before us. The pension board, comprised of city officials, is required by statute to make pension benefit disbursements to retired firefighters pursuant to 53 P.S. §39320, and plaintiff is suing over the non-payment of the proper amount of money presently in the board's possession. Therefore, the two year statute applies to the present case.

Despite our holding that the two year statute of limitation of 42 Pa.C.S. §5524(6) applies to plaintiff's claim, we cannot overlook the continuing contractual nature of the pension plan before us. Hence, each failure by the City to make a required payment constitutes a separate breach which initi-

ates the running of the statute of limitation, i.e. plaintiff has two years from the date of each payment to bring a claim based on that payment. Pennsylvania Turnpike Commission v. Atlantic Richfield Co., 31 Pa. Commw. 212, 375 A.2d 890, aff'd. 482 Pa. 615, 394 A.2d 491 (1977); Van Sciver v. Van Sciver, 337 Pa. 390, 12 A.2d 108 (1940); 2 Standard Pennsylvania Practice §13:64.

Both parties agree that plaintiff's cause of action accrued on or about October 6, 1978, the day on which the City recalculated plaintiff's pension benefits. The statute of limitations begins to run when a cause of action arises, as determined by the final significant event necessary to make the claim suable. Mack Trucks, Inc. v. Bendix Westinghouse Automotive Air Brake Co., 372 F.2d 18 (3rd Cir. 1966), cert. denied, 387 U.S. 930 (1967). Since plaintiff could have sued at the time the City recalculated his benefits, and since he knew of the City's actions on or about that date, we agree that his cause of action as well as the City's accrued on October 6, 1978. See Robert E. Lamb, Inc. v. Delaware Pipe Fabricators, Inc., 42 D.&C.2d 461 (1967). Therefore, only claims which arose prior to October 5, 1980 (two years prior to the commencement of this suit) are barred by the statute of limitation.

The same two year statute of limitation does not bar defendants' counterclaim because the funds they seek are being withheld by a private citizen and not a public official. Therefore, the six year statute for contract actions applies because the claim is not "subject to another limitation specified in this subchapter." 42 Pa.C.S. §5527(2).

Since only claims arising before October 5, 1980, are barred, we must now proceed to the merits of

plaintiff's complaint. Plaintiff insists that the check for $743.57 constituted his final salary payment for the last two weeks of 1977. Defendants argue that this final check was an illegal payment because it was in excess of the amount budgeted by the City for plaintiff's position.

The Pennsylvania Third Class City Code, at 53 P.S. §35902, provides:

"Council shall prescribe, by ordinance, the number, duties, and compensation of the officers and employees of the city. . . ."

Plaintiff's salary for the year 1977, as set by the City's annual budget, was $18,136. This salary, then, was set by the councilmanic action required in 53 P.S. §35902. The 6.6 percent salary increase for City employees was also set by the requisite councilmanic action. This increase, however, did not go into effect until after plaintiff retired. In addition, it had been the practice of the City to compensate employees employed by the City at the time of the first paycheck of a new budget year at the new budget year rate, even though this check represented payment for services performed in the preceding year. Since plaintiff was not employed by the City at the time of the first paycheck of the new budget year, and since the 6.6 percent salary increase did not go into effect until after plaintiff retired, his final paycheck for the period December 18, 1977, through December 31, 1978, should have been $697.53. Hence, his pension should be based on this amount and not on $743.57, the amount he received in January, 1978. The 6.6 percent increase in plaintiff's salary check for December 18 to December 31, 1977, represents a payment by the City to which plaintiff was not entitled.

Wherefore, we enter the following

## VERDICT

And now, June 11, 1984, we find that plaintiff's claims arising prior to October 5, 1980, are barred by the statute of limitation, 42 Pa.C.S. §5524(6). Plaintiff's complaint concerning payments arising after October 5, 1980, is dismissed as the City properly recalculated plaintiff's pension and based it upon a final bi-weekly salary of $697.53. As for defendants' counterclaim we find that plaintiff owes defendants the sum of $46.04, which represents the difference between the amount plaintiff actually received as his final bi-weekly salary ($743.57) and the amount he should legally have received in accord with the City budget and payment practice ($697.53).

The prothonotary is directed to give notice of the foregoing verdict to counsel for the parties. If no exceptions are filed within ten days from the date of this verdict, the prothonotary shall, on praecipe, enter final judgment upon the verdict.

