In Re: Allegheny County Controller's Amended Annual Report 1967-1978. In Re: Allegheny County Controller's 1979 Annual Report. Cyril H. Wecht, M. D., J. D., Former Coroner, Appellant.

Argued November 14, 1984, before President Judge CRUMLISH, JR. and Judges ROGERS, WILLIAMS, JR., MACPHAIL, BARRY, COLINS and PALLADINO.

*David J. Armstrong,* with him, *Richard C. Polley, Dickie, McCamey & Chilcote, P.C.,* for appellant.

*Byrd R. Brown,* with him, *Doris A. Smith,* Solicitor to the Controller, and *Louis S. Gold,* Assistant Solicitor to Controller, for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., March 5, 1985:

Cyril H. Wecht, M.D., J.D., appeals an Allegheny County Common Pleas Court order surcharging him for non-county services performed by his office and employees during his tenure as Allegheny County Coroner.

Wecht served as Coroner from January 1970 to January 1980. Without County authorization, he allowed autopsies and tissue slide preparation to be performed for other counties at his office by County employees during their normal working hours, using County equipment and materials. Resulting funds were deposited into private checking accounts maintained by his office, known as the Professional Education Fund, from which Wecht made disbursements. He did not account for or deposit in the County Treasury the funds raised by his services to other counties. Also, without County authorization, tissue specimens accepted by Wecht's private laboratory, Pittsburgh Pathology and Toxicology Laboratory (PP&TL), were delivered to his office for testing. Wecht did not pay the County for this service.

The common pleas court surcharged Wecht $195,-389.00 plus $41,368.93 interest with respect to the "Report Concerning the Allegheny County Coroner's Office 1967-1978" (Lynch Surcharge) and $13,254.81 plus $2,403.29 interest with respect to the supplement to the Controller's 1979 Annual Report entitled "In Re: Allegheny County Controller's 1979 Annual Report" (Lucchino Surcharge).

Wecht's major contentions are that (1) he was improperly surcharged for his services to other counties,[1] (2) pursuant to the letter and spirit of Sections 1 and 2 of the Act of May 15, 1945, P.L. 538, *formerly* 65 P.S. §§191, 192 (Act of 1945),[2] surcharges against him should not have exceeded the actual financial loss suffered by the County, and (3) interest should not have been assessed against the principal amounts surcharged.[3] These legal questions are subject to this Court's review. 2 Pa. C. S. §704.[4]

[1] In this appeal, Wecht has only challenged the amount, not the propriety, of the portions of the Lynch Surcharge and Lucchino Surcharge relating to services performed by his office for PP&TL.

[2] Repealed by the Act of November 26, 1978, P.L. 1399.

[3] Wecht also argues that Exhibits 55, 56 and 66 should have been stricken as impermissibly varying from the Controller's claim regarding PP&TL activities. Because the Controller substantially reduced his original $118,305.23 claim, Wecht claims that he was surprised by matters of which he had no notice in the pleadings.

We hold that Wecht was not surprised by the contents of the exhibits because (1) Wecht permitted the exhibits to be admitted without objection and only later claimed that they should be stricken because of the alleged variance, and (2) our review of the evidence reveals that the exhibits were compiled predominantly from Wecht's records.

He further contends that the $58,354.00 amount surcharged for PP&TL activities is speculative and not based on the evidence. We hold that this surcharge amount is supported by substantial evidence.

[4] Due to our resolution of these legal questions, it is unnecessary to address Wecht's collateral contentions.

Wecht argues that, because he was not statutorily obligated to perform his services for other counties,[5] they were not part of his "official" duties as Coroner and therefore the constitutional[6] and statutory[7] requirements that funds be turned over to the County do not apply to the resulting monies. However, when this case was before this Court on preliminary objections, we held that because the services were performed under the auspices of the Coroner's office, using County facilities, they were closely associated with the Coroner's office as an official County office. *Lucchino Appeal,* 62 Pa. Commonwealth Ct. 58, 62, 434 A.2d 1323, 1325 (1981).[8] We agree with the trial court that nothing has occurred to diminish the force of the *Lucchino* holding and again conclude "that the services

---

[5] The duties of the Coroner are set forth in the Second Class County Code (Code), Act of July 28, 1953, P.L. 723, *as amended,* 16 P.S. §§4231-4248.

[6] PA. CONST., art. IX, §4 provides in part:

County officers shall be paid only by salary as provided by law for services performed for the county or any other governmental unit. Fees incidental to the conduct of any county office shall be payable directly to the county or the Commonwealth, or as otherwise provided by law.

[7] Wecht directs our attention to Section 1801 of the Code, 16 P.S. §4801, and Section 1802 of the Code, 16 P.S. §4802, which require reporting, bookkeeping and transfer to the county of all monies received for "official" services.

[8] The Commonwealth Court issued an Order on November 17, 1981, stating:

Nothing in this Court's Opinion and Order [in Lucchino Appeal], filed September 25, 1981, shall prevent former Coroners Hunt, Stalter and Wecht from raising a defense at trial that the activities at issue were performed in a non-official capacity.

Understanding this Order as requiring it to fully hear Wecht's contentions and prohibiting prejudgment based on the *Lucchino* decision, the trial court allowed Wecht to present a full defense.

132

were performed in the Coroners' official capacity, that the Coroners were obligated to report receipt of funds to the county through the Controller[9] and that the surcharges filed by the Controller are the proper avenue to relief." *Id.*

Wecht further contends that the Act of 1945[10] operates to limit the Lynch Surcharge to the actual financial loss suffered by the County.[11] However, a re-

9 Formerly John T. Lynch, now Frank J. Lucchino.

10 Wecht refers us to Section 1 of the Act of 1945, 65 P.S. §191, which provides:

No elected or appointed official of any political subdivision shall be surcharged for any act, error or omission in excess of the actual financial loss sustained by the political subdivision by reason thereof, and the surcharge of any such official shall take into consideration as its basis, the results of such act, error or omission and the results had the procedure been strictly according to law.

11 Wecht's contention is limited to the Lynch Surcharge because the Lucchino Surcharge began to run on February 5, 1979, eleven days after the repeal of the Act of 1945 became effective. The Act of October 4, 1978, P.L. 883, *as amended*, 65 P.S. §§401-413, dealing with conflict of interest, provides that "[n]o public official . . . shall use his public office . . . to obtain financial gain other than compensation provided by law for himself, a member of his immediate family, or a business with which he is associated." 65 P.S. §403(a). We hold that the trial court correctly concluded that this statute controls the Lucchino Surcharge and prevents Wecht from raising the defense of benefit to the County.

Wecht nonetheless argues that surcharging the 1979 Professional Education Fund expenditures unjustly enriches the County. He cites *Zvonick v. Zvonick*, 291 Pa. Superior Ct. 309, 435 A.2d 1236 (1981), for the proposition that restitution must be made if one receives a benefit and it would be unconscionable to retain that benefit. Unlike the *Zvonick* case, where out-of-pocket expenditures were made in reliance on an agreement, Wecht usurped the County's prerogative to make expenditures. Under these circumstances, it would not be "unconscionable" to allow the County to retain the alleged benefits conferred by Wecht.

view of the relevant case law reveals that the Act of 1945 has only been held to apply to improper actions of officeholders who are authorized to expend funds. Wecht had no authority to expend funds.[12] We hold that Wecht may not use the Act of 1945 as a defense to the Lynch Surcharge in light of his constitutional[13] and statutory[14] obligation to have reported and turned over to the County the monies involved in this case. We agree with the trial court that to give Wecht a credit under the Act of 1945 would be to approve an avoidance of the controls properly imposed by the County government.

Wecht finally argues that interest may not be awarded upon surcharges because the statutory right to surcharge an official does not specifically provide for interest.[15] However, by virtue of Section 1930 of

---

Wecht further argues that failure to recognize a common law "financial loss" rule would impermissively change the character of the surcharges from compensatory to punitive. However, before the effective date of the Act of 1945, no "financial loss" rule was applied. See In re: Appeal of Sykesville Borough, 91 Pa. Superior Ct. 335 (1927).

We hold that these arguments are meritless.

[12] The Code provides for disbursement of County monies through warrants drawn on the County treasury by the County Commissioners and countersigned by the Controller, 16 P.S. §§4950-54.

[13] PA CONST., art. IX, §4.

[14] 16 P.S. §11011-12(b).

[15] Section 1901 of the Code, 16 P.S. §4901, reads in pertinent part:

The controller shall have a general supervision and control of . . . the accounts and official acts of all officers . . . who shall collect, receive or distribute the public moneys of the county. . . . He shall, immediately on the discovery of any default or delinquency, report the same to the commissioners and the court of common pleas of the county, and shall take immediate measures to secure the public moneys.

. . .

the Code,[16] the surcharges became judgments against Wecht's real estate when filed. *Lucchino Appeal,* 62 Pa. Commonwealth Ct. at 64, 434 A.2d at 1326. Pursuant to Section 8101 of the Judicial Code,[17] interest may be awarded from the date of judgment.[18]

We hold that the trial court committed no error of law by imposing either the Lynch Surcharge or Lucchino Surcharge on Dr. Wecht.

Affirmed.

[16] 16 P.S. §4930 provides:

> The reports of the controller shall be filed among the records of the court of common pleas of the county, and from the time of such filing shall have the effect of a judgment against the real estate of the officer who shall thereby appear to be indebted either to the Commonwealth or to the county.

[17] 42 Pa. C. S. §8101 provides:

> Except as otherwise provided by another statute, a judgment for a specific sum of money shall bear interest at the lawful rate from the date of the verdict or award, or from the date of the judgment, if the judgment is not entered upon a verdict or award.

[18] Wecht alternatively argues that assessing interest from the date of filing until the verdict was improper because the surcharge amounts were uncertain or unliquid. However, we agree with the trial court that interest remains owing upon a judgment even if the judgment is opened and a lesser sum is awarded. *See Markofski v. Yanks,* 297 Pa. 74, 78, 146 A. 569, 570 (1929) (lien of judgment not affected by the fact that judgment is opened) and *Sanctis v. Lagerbusch,* 213 Pa. Superior Ct. 483, 488, 249 A.2d 919, 922 (1968) (levy not affected by an order opening a judgment).

He also argues that the Pennsylvania Superior Court has set forth, in *Printed Terry Finishing Co. v. City of Lebanon,* 264 Pa. Superior Ct. 192, 399 A.2d 732 (1979), criteria under which a case may be excepted from the general rule that post-judgment interest is allowable. However, the Superior Court in *Printed Terry* did not allow an exemption from post-judgment interest, but merely outlined factors relevant to a determination of whether interest on a reduced verdict *obtained after a new trial on damages* should run from the date of original verdict.

We hold that these arguments are meritless.

ORDER

The order of the Court of Common Pleas of Allegheny County, at No. Misc. 11 April Term 1979, Issue No. 118979 and No. GD80-2600, Issue No. 118979, dated September 8, 1983, is affirmed.

Judge WILLIAMS, JR., and Judge CRAIG did not participate in the decision in this case.

---

CONCURRING AND DISSENTING OPINION BY JUDGE COLINS:

I dissent. The surcharge action initiated by former County Controller Lynch was brought pursuant to the Act of May 15, 1945, P.L. 538, No. 210, *formerly* 65 P.S. §§191, 192. Under the statutory scheme of the Act, absent fraud or collusion, the actual financial loss to the County is all that can be surcharged to the public official in question. Since the appellee has proven no actual "out-of-pocket" losses, the order of the Trial Court should be reversed insofar as it relates to damages accruing under the "Lynch" surcharge.

I concur with the opinion of the majority insofar as it relates to the "Lucchino" surcharge.