Coaldale Borough            :
                             :    No. 674 C.D. 2017
            v.           :
                             :    Argued: December 4, 2017
Timothy Delaney,           :
              Appellant       :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION BY
JUDGE McCULLOUGH                FILED: January 4, 2018

       Timothy Delaney (Delaney) appeals from the April 26, 2017 order of the Court of Common Pleas of Schuylkill County (trial court) which granted the petition of Coaldale Borough (Borough) to quash Delaney's request for arbitration.

## Facts and Procedural History

       The underlying facts in this matter are not in dispute and were summarized by the trial court as follows. Delaney was the Borough's Chief of Police. On or about August 13, 2013, Delaney injured his right hand while testing a taser. On June 25, 2015, Delaney requested a disability pension from the Police Pension Board (Board).[1]

_____

[1] Delaney initially filed a civil action with the trial court in January 2015 seeking an order directing the Borough to pay him disability pension benefits. The Borough filed preliminary objections alleging that Delaney failed to exhaust his administrative remedies by first filing an

He subsequently requested a hearing before the Board and one was conducted on March 29, 2016. By decision dated May 23, 2016, the Board denied Delaney's request and informed him of his right to appeal within 30 days. Rather than appeal, Delaney filed a grievance on June 7, 2016, alleging that the denial of his disability pension was in violation of his Employment Agreement with the Borough. Under this Employment Agreement, Delaney participated in the Borough's Police Pension Fund. Additionally, Article XIV of the Employment Agreement provides for a grievance and arbitration procedure to resolve all disputes arising between Delaney and the Borough. Counsel for Delaney later sent a letter to the Borough requesting that the parties bypass the grievance procedure and proceed directly to arbitration. (Trial court op. at 2.)

However, the Borough responded by filing a petition with the trial court to quash Delaney's arbitration request on December 30, 2016. In this petition, the Borough acknowledged the Employment Agreement as well as a local ordinance adopting the Borough's Police Pension Plan. Nevertheless, the Borough alleged that the Board was a local agency operating in accordance with its Police Pension Plan and the Local Agency Law,[2] that the Board convened a hearing and issued a written decision, and that Delaney's sole remedy was to file an appeal with the appropriate court, i.e., the trial court, within 30 days of the Board's decision in accordance with the Local Agency Law. The Borough noted that it lacked the statutory or contractual power to overrule the Board's decision. (Trial court op. at 1; R.R. at 6a-12a.)

---

application for pension benefits with the Board. By order dated May 10, 2015, the trial court sustained the Borough's preliminary objections and dismissed Delaney's civil action. In this order, the trial court noted that the local pension ordinance required Delaney to file an application for benefits with the Board. (Reproduced Record (R.R.) at 7a-8a, 36a.)

[2] 2 Pa.C.S. §§105, 551-55, 751-54.

On January 3, 2017, the trial court issued a rule to show cause directing Delaney to file an answer to the Borough's petition within 20 days, advising that the matter would be decided under Pa.R.C.P. No. 206.7 (relating to procedure after issuance of rule to show cause), requiring depositions to be completed within 60 days, and noting that either party could request oral argument pursuant to the local rules of civil procedure. Delaney filed a timely answer denying that his sole remedy was an appeal under the Local Agency Law, but acknowledging that he was advised of his right to appeal within 30 days of the date of the Board's decision.[3]    (R.R. at 54a-61a.)

On April 13, 2017, the Borough filed a praecipe for certification noting that fact-finding was complete and/or unnecessary, and requesting that its petition be transferred to a judge for disposition. Around the same time, the Borough filed a brief in support of its petition with the trial court. Delaney was not given an opportunity to file a responsive brief. (R.R. at 63a-79a.)

Instead, by order dated April 26, 2017, the trial court granted the Borough's petition and quashed Delaney's request for arbitration. In its order, the trial court cited section 752 of the Local Agency Law, which provides,

> Any person aggrieved by an adjudication of a local agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure).

2 Pa.C.S. §752. Additionally, the trial court cited section 5571(b) of the Judicial Code, which provides that "an appeal from a tribunal or other government unit to a court . . . must be commenced within 30 days after the entry of the order from which the appeal

---

[3] However, Delaney disputed the Borough's allegation that the Board decision referenced the 30-day appeal period under the Local Agency Law. Instead, Delaney noted that the Board's decision simply stated that he had 30 days to file an appeal pursuant to Title 42 (relating to judicial procedure). (R.R. at 58a.)

3

is taken . . . ." 42 Pa.C.S. §5571(b). The trial court proceeded to state that the Board was a local agency and governed by the Local Agency Law, citing this Court's decision in *City of Arnold v. Wage Policy Committee of Arnold Police Department*, 138 A.3d 719 (Pa. Cmwlth. 2016), *rev'd*, 171 A.3d 744 (Pa. 2017). Citing *City of Arnold* and *Groman v. Officers' & Employees' Pension Board*, 451 A.2d 789 (Pa. Cmwlth. 1982) (holding that a city pension board was a local agency and the exclusive remedy from a decision of such board lies with an administrative appeal under section 752 of the Local Agency Law), the trial court concluded that Delaney's exclusive remedy for the denial of his disability pension was to appeal the Board's determination within 30 days pursuant to the Local Agency Law.

Delaney thereafter filed a notice of appeal with the trial court, alleging that the trial court erred in applying *City of Arnold* and *Groman* to this matter when the Employment Agreement with the Borough mandated that all disputes arising thereunder proceed to arbitration. Delaney also alleged that he was prejudiced by the trial court's failure to provide him with an opportunity to file a responsive brief in opposition to the Borough's petition and brief. The trial court issued an opinion in support of its order explaining that the facts were not in dispute and that only issues of law remained to be decided. The trial court stated that Delaney was entitled to a pension plan under the Employment Agreement and he was provided with the same. The trial court reiterated that, under *City of Arnold* and *Groman*, Delaney's exclusive remedy from the Board's adverse determination was an appeal under the Local Agency Law. The trial court noted that, under the circumstances, i.e., since Delaney did not raise any material issues of fact in his response to the Borough's petition to quash and the only issue before it concerned a matter of law, a remand to allow Delaney to file a brief was unnecessary.

4

## Discussion

On appeal,[4] Delaney reiterates the issues raised before the trial court, relying extensively on our Supreme Court's recent reversal of this Court's decision in *City of Arnold*.[5]

In *City of Arnold*, Thomas Cimino died in April 2002, after serving as a City of Arnold police officer for 11.77 years. In May 2002, the City's Controller informed his widow, Pamela Cimino (Widow), that she was entitled to a death/survivor benefit of $1,949.11 per month, which was 50% of Thomas Cimino's annual compensation at the time of his death. This death benefit was reconfirmed in a July 2003 letter from the City's Controller to Widow and was consistent with provisions of a collective bargaining agreement (CBA) entered into by the City of Arnold and the bargaining representative of the City's police officers. In 2014, the City's police pension board advised Widow that her benefit had been miscalculated; that she was only entitled to 50% of the monthly benefit, or $974.55 per month; that she received an overpayment of $138,386.10 as a result of the miscalculation; and that it would deduct $10.00 per month from her future benefit payments to recoup said overpayment.

---

[4] Our scope of review is limited to determining whether the trial court committed an error of law, an abuse of discretion, or a violation of constitutional rights. *Ray v. Brookville Area School District*, 19 A.3d 29, 31 n.3 (Pa. Cmwlth. 2011).

[5] The Borough asserts that Delaney has improperly raised two issues in his brief that were not raised before the trial court and, hence, are waived. More specifically, the Borough asserts that Delaney raised for the first time in his brief an issue regarding a right to choose between arbitration and the Local Agency Law, a so-called election of remedies, as well as an issue regarding the lack of any express requirement in the Local Agency Law that appeals be filed with the common pleas court. However, we believe that these issues are subsumed within the arguments raised by Delaney both before the trial court and this Court and, thus, waiver does not apply to the same.

5

The police officers' bargaining representative grieved the action on Widow's behalf pursuant to the CBA and the matter was submitted to an arbitrator. The arbitrator ultimately sustained the grievance. The City's police pension board filed a petition to vacate the arbitrator's award with the common pleas court, but said petition was denied. The City's police pension board then appealed to this Court. By decision and order dated May 20, 2016, we reversed the trial court's order, concluding that Widow's right to a survivor benefit was "not derivative of [her late husband's] rights under the CBA, but an independent right under the City's pension plan." *Id.*, 138 A.3d at 725. We held that, as the matter involved a decision of the City's police pension board, a local agency subject to the provisions of the Local Agency Law, the arbitrator lacked subject matter jurisdiction over the dispute and the common pleas court erred in failing to vacate the arbitration award.

However, our Supreme Court recently reversed this Court's decision, holding that the arbitrator had subject matter jurisdiction to adjudicate a dispute between the police officers' bargaining representative and the City over a Widow's pension benefit. The Supreme Court noted that section 1 of the Policemen and Firemen Collective Bargaining Act,[6] commonly referred to as Act 111, states that "policemen or firemen . . . have the right to bargain collectively with their public employers concerning the terms and conditions of their employment, including . . . retirement, pensions and other benefits . . . ." 43 P.S. §217.1. The Supreme Court also referenced section 4(a) of Act 111, which provides, in part, that disputes may be resolved by arbitration "[i]f in any case of a dispute between a public employer and its policemen or firemen employes the collective bargaining process reaches an impasse and stalemate . . . ." 43 P.S. §217.4(a). Additionally, the Supreme Court cited section

---

[6] Act of June 24, 1968, P.L. 237, *as amended*, 43 P.S. §§217.1-217.10.

6

14303(f) of the Third Class City Code, 11 Pa.C.S. §14303(f), which authorizes the payment of a pension benefit to a police officer who dies while not in the line of duty. Further, the Supreme Court noted local ordinances enacted by the City that provide for a reduced survivor benefit for a spouse or child of the retiree, which were incorporated into the CBA between the police officers and the City.

The Supreme Court concluded that the arbitrator had subject matter jurisdiction to adjudicate this dispute between the police officers' bargaining representative and the City because the survivor benefit afforded to Widow, as a surviving spouse of a deceased police officer, was incorporated into the parties' CBA. The Supreme Court stated that its conclusion was based on the express language of Act 111, the Third Class City Code, the City's pension ordinances, and the parties' CBA. The Supreme Court explained that the dispute in the case involved the amount of a survivor spouse's pension benefit, which was part of a police officer's bargained-for pension benefits under the parties' CBA, and, therefore, was arbitrable. For this reason, the Supreme Court rejected this Court's holding that Widow's exclusive remedy was under the Local Agency Law.

The Borough attempts to distinguish *City of Arnold* from the present case by noting that the former involved a unilateral determination by the city, not the local pension board, to reduce Widow's benefits, and there was no opportunity afforded Widow to contest the city's decision, let alone any adjudication in that case. Because Delaney sought and obtained an adjudication from the Police Pension Board, the Borough asserts that he waived any jurisdiction the arbitrator may have otherwise had to resolve the dispute and was limited to the exclusive remedy of an appeal under the Local Agency Law. In other words, once an adjudication is rendered, the Borough

7

avers that the arbitrator is no longer in a position of interpreting the contract and should not be permitted to reverse/overrule the decision of a local agency.

However, *City of Arnold* does not support these assertions by the Borough. In *City of Arnold*, the city's unilateral reduction in Widow's survivor benefits triggered the grievance filed on her behalf by the police officers' bargaining representative. Here, the triggering event was the Board decision denying Delaney a disability pension. Indeed, without this decision, Delaney had nothing to grieve. The fact that he needed to obtain a decision from the Board prior to initiating the grievance process does not constitute a waiver of the arbitrator's jurisdiction or otherwise limit Delaney's remedy to an appeal under the Local Agency Law. While the procedural posture of this case differs in that regard from *City of Arnold*, the latter provides sufficient guidance and dictates the outcome herein.

Our Supreme Court's focus in *City of Arnold* was Widow's right to a survivor's benefit being derivative of her late spouse's rights under the CBA in that case. In other words, the Supreme Court concluded that Widow's right to survivor benefits was incorporated into that CBA, stressing that a pension benefit was a specific term or condition of employment arising from her late spouse's employment as a city police officer. The Supreme Court also highlighted the fact that the parties agreed to submit any disputes arising under the CBA in that case to mandatory grievance arbitration. Finally, the Supreme Court expressly held that the arbitrator had subject matter jurisdiction over the dispute and that Widow was not limited to a remedy in the nature of an appeal under the Local Agency Law. Similar facts are presented in this case.

Herein, the Borough enacted Ordinance No. 2004-4 on April 14, 2004, which established a police pension plan for police employees who are discharged by

8

reason of age or a service disability. (R.R. at 23a-34a.) Section 4.4 of this Ordinance specifically provides for a permanent, service-related disability retirement for eligible pension plan participants. (R.R. at 27a.) Section 4.4(c)(2) provides that the determination of whether a police officer is totally and permanently disabled shall be made by the Borough or its designated agent, in this case, the Board. *Id.* Additionally, as noted above, Delaney and the Borough are parties to an Employment Agreement, which includes Delaney's right to participate in, and to be entitled to benefits from, the police pension plan. *See* Article IX of the Employment Agreement; R.R. at 18a. Article XIV of the Employment Agreement specifically states that "all matters concerning this Agreement" shall be decided via a grievance and arbitration procedure set forth in that Article. (R.R. at 20a.)

The Employment Agreement entered into by Delaney and the Borough is similar to the CBA in *City of Arnold*, as both set forth a pension benefit for eligible employees and both direct that any matters thereunder be submitted to a grievance and arbitration procedure. Moreover, Delaney's right to pension disability benefits, much like Widow's right to survivor benefits in *City of Arnold*, is plainly derivative of this Employment Agreement. Given that the widow of an eligible member of the police was entitled to file a grievance following a determination by the City's police pension board in *City of Arnold*, certainly Delaney, the Borough's police chief, a covered member of the Borough's police pension plan pursuant to the Ordinance, and a party to the Employment Agreement, must likewise be entitled to arbitrate the matter of his service-related disability pension.

**Conclusion**

9

Because our Supreme Court's decision in *City of Arnold* is controlling herein, thereby rendering the matter of Delaney's service-related disability pension arbitrable, the trial court erred in granting the Borough's petition to quash Delaney's request for arbitration.

Accordingly, the order of the trial court is reversed.[7]

_____
PATRICIA A. McCULLOUGH, Judge

---

[7] Given our disposition above, we need not address Delaney's argument that he was prejudiced by the trial court's failure to provide him with an opportunity to file a responsive brief in opposition to the Borough's petition and brief.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Coaldale Borough               :

                              :   No. 674 C.D. 2017

           v.           :

                              :

Timothy Delaney,         :

           Appellant   :

## *<u>ORDER</u>*

AND NOW, this 4th day of January, 2018, the order of the Court of Common Pleas of Schuylkill County, dated April 26, 2017, is hereby reversed.

_____

PATRICIA A. McCULLOUGH, Judge